UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>TYRONE HOLMAN,<br><br>        Defendant. | Case No. 01-cr-40017-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defense counsel's Motion (Doc. 485) to withdraw and "no merits" statement.  On April 9, 2008, the Court appointed the Federal Public Defender's Office to represent Defendant Tyrone Holman to explore whether he qualified for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10.  Holman's counsel eventually filed the instant motion, wherein she states that no non-frivolous arguments can be made in support of reduction.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Despite the allowance of a response period by this Court (*see* Doc. 487), neither Holman nor the Government responded to defense counsel's motion.

Holman pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine and three counts of possession with intent to distribute crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Holman's relevant conduct was at least 35 grams but not more than 50 grams of crack cocaine, which under U.S.S.G. § 2D1.1 yielded a base offense level of 30.  Since Holman carried a dangerous weapon during the commission of his crime, his base offense level was increased by two points pursuant to U.S.S.G. § 2D1.1(b)(1).  However, his offense level was reduced by three

points under U.S.S.G. § 3E1.1 for acceptance of responsibility.  The Court further found that Holman was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his offense level to 34, again reduced by three to a final level of 31 for acceptance of responsibility.  Considering Holman's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison.  The Court imposed a sentence of 228 months for each count.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (2006).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

Holman cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2) (2006).  Amendments 706

and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Holman, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** defense counsel's Motion (Doc. 485) to withdraw.  The Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to Tyrone Holman, Reg. #10408-041, FCI Memphis, Federal Correctional Institution, P.O. Box 34550, Memphis, TN 38134.

**IT IS SO ORDERED.**
**DATED: February 4, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
